FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 06 2012

JAMES W. McCORMACK, CLERK
By: _BK Johnson_
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALFRED L. BROWN, SR.                                          PLAINTIFF

vs.                          Case No. _5:12-CV-0055 JLH_

UNION PACIFIC RAILROAD
COMPANY,                                                      DEFENDANT

Serve Union Pacific Railroad Company
Via its registered agent for service of process:
THE CORPORATION COMPANY          This case assigned to District Judge ___Holmes___
124 WEST CAPITOL AVENUE           and to Magistrate Judge ___Deere___
SUITE 1900
LITTLE ROCK, AR 72201

## ORIGINAL COMPLAINT AND REQUEST FOR JURY TRIAL

Comes now the plaintiff, Alfred L. Brown, Sr., by and through his attorneys of record, the Lauck Law Firm P.A. and the Law Offices of H. Chris Christy, P.A., and for his complaint against the defendant, Union Pacific Railroad Company, hereby alleges, avers and states the following:

### FIRST CLAIM FOR RELIEF
45 U.S.C. §§51 – 60
FEDERAL EMPLOYERS' LIABILITY ACT

1.      This is an action arising under the provisions of the Federal Employers' Liability Act ("FELA"), 45 U.S.C.A. §§ 51 et seq., to recover damages for personal injuries sustained by the plaintiff while performing his job duties for the defendant in the City of Pine Bluff, Jefferson County, Arkansas, as well as, job duties in other locations for the defendant.

2.      Plaintiff, Alfred L. Brown, Sr., is now, and at all times mentioned in this complaint was, a resident of the City of Lonoke, Lonoke County, Arkansas.

1

3.      Defendant, Union Pacific Railroad Company (hereinafter referred to as "UPRR"), is now, and at all times mentioned in this complaint was, a Deleware corporation engaged in the business and operation of the freight transportation and as a common carrier by railroad in Arkansas and other states with its principle offices in Omaha, Nebraska.

4.      Jurisdiction and venue are vested in this honorable court by virtue of the FELA, 45 U.S.C. §56.

5.      Plaintiff, Alfred L. Brown, began his employment with the defendant, from 1978 until approximately 1987.  He returned to work for the defendant in 1996 and is still employed by the defendant to this date.

6.      The plaintiff began working for the defendant as a Switchman, then became a Conductor, and then became a Locomotive Engineer.

7.      In 2010, the plaintiff began to experience symptoms of permanent back pain that lead him to discover underlying injuries that developed over time until they culminated into severe and permanent pain and injury.

8.      As a result, in whole or in part, of unsafe working conditions, the plaintiff suffered injuries to his back and spine, all of which are or may be of a permanent nature.

9.      At all relevant times, the defendant was a common carrier of freight for hire by rail, and was engaged in interstate commerce.

10.     At all relevant times, the plaintiff and the defendant were engaged in interstate commerce or in activities that substantially affected and were in furtherance of interstate commerce.  The plaintiff's injuries arose in the course of Plaintiff's employment with defendant.

11.     During the plaintiff's employment with the defendant, the plaintiff performed his duties pursuant to the instructions of his supervisor and with the locomotives, equipment, tools and machinery that he was provided by the defendant.

12.     The defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in among other things:

(a)     the duty to provide the plaintiff with reasonably safe and suitable equipment, tools and machinery with which to perform his duties;

(b)     the duty to inspect, maintain and repair its equipment, tools and machinery with which its employees, including the plaintiff, were required to work;

(c)     the duty to provide reasonably safe methods and procedures for the performance of duties to which its employees, including the plaintiff, were assigned;

(d)     the duty to provide its employees with seats in the locomotives that provide adequate support, adequate ergonomic positioning and protections against the effect of vibration, lateral motion, and shock;

(e)     the duty to inspect, maintain, repair and/or replace the locomotives and the seats on the locomotives on which the plaintiff was required to work;

(f)     the duty to provide seats that are securely mounted in the locomotive;

(g)     the duty to investigate the risks attendant to an employee working in a seated posture when the body is subjected to whole-body vibration, shock and repetitive twisting and turning of the head and neck;

(h)      the duty to educate, train, and warn its employees, including the plaintiff, of the risks attendant to working in a seated position when the body is subject to whole-body vibration, shock and repetitive twisting and turning of the head and neck;

(i)      the duty to comply with the defendant's engineering standards regarding construction, inspection, maintenance, and repair of its track and roadbed;

(j)      the duty to comply with 49 U.S.C. §20701;

(k)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §213;

(l)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.119;

(m)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.7(a)(1)(2);

(n)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.21

(o)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.45; and

(p)      the duty to investigate and implement an ergonomics program, job safety analysis, and/or medical monitoring program, all to the end of identifying ergonomic risk factors in the workplace, eliminating the ergonomic risk factors, and training its employees, including the plaintiff, to recognize ergonomic risk factors and guard against them.

13.      The defendant, through its agents, servants and employees other than the plaintiff, negligently failed to perform the above-said duties, as a result of which the plaintiff was caused, in whole or in part, to suffer injuries to his back and spine, pain, mental anguish/injury.

14.      The plaintiff's injuries have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating, and have and will in the future cause the plaintiff mental and physical pain and suffering.

15.      The plaintiff's injuries hereinabove enumerated have impaired the plaintiff's ability to enjoy life, and will impair in the future the plaintiff's ability to enjoy life.

16.     The plaintiff's unsafe working conditions and resulting injuries and damages were caused in whole or in part by the negligence of the defendant through its agents, assigns and employees acting within the scope of their employment and authority.

17.     The injuries sustained by the plaintiff were also caused, in whole or in part, by the negligence of the defendant in one or more of the following particulars:

(a)     the defendant failed to furnish the plaintiff with a reasonably safe place in which to work;

(b)     the defendant failed to furnish the plaintiff with reasonably safe equipment with which to perform his assigned duties;

(c)     the defendant failed to furnish plaintiff with reasonably necessary and proper equipment with which to perform his assigned duties;

(d)     the defendant failed to furnish the plaintiff with reasonably necessary and proper personal protective equipment;

(e)     the defendant failed to furnish the plaintiff with necessary and proper supervision in the performance of his assigned duties;

(f)     the defendant failed to warn the plaintiff of reasonably foreseeable hazardous conditions existing with the defendant's equipment;

(g)     the defendant allowed unsafe practices to become the standard practice;

(h)     the defendant assigned the plaintiff work which the defendant knew or, in the exercise of reasonable care, should have known would result in injury to the plaintiff;

(i)     the defendant assigned the plaintiff duties which the defendant knew or should have known were beyond his physical capacity or would aggravate prior injuries or would otherwise cause injury to the plaintiff; and

(j)     the defendant's supervisor ignored the safety concerns voiced by the plaintiff and failed to recognize safety hazards that he knew or should have known would result in injury to the plaintiff if he directed him to perform the job in the manner . that he did.

(k)     the defendant's required the plaintiff to throw switches in the Pine Bluff railyard, and others, that it knew or should have known were improperly maintained, improperly inspected, hard to throw, unsafe, susceptible to recoil when being

5

thrown and/or were old, antiquated ground (a.k.a "ball and hammer") switches that required the plaintiff to assume ergonomically unsafe positions below the knees in order to align switches. in contradiction;

(l)     the defendant failed to comply with 45 C.F.R. §§213.135, 213.233, 213.235, and 213.241.

18.     As a result of the injuries sustained by the plaintiff, he has been caused to undergo medical treatment to the aforementioned parts of his body.

19.     Plaintiff further states that prior to the culmination of these injuries, he was an able-bodied man, capable of performing heavy, strenuous manual labor and had been doing so while working for the defendant.   In the event the plaintiff did have any infirmities to the aforementioned parts of his body of which he was not aware, the plaintiff claims that said condition was aggravated, activated and accelerated by the trauma to which the plaintiff was exposed on the defendant's property.

20.     By reason of the facts stated in this complaint and the injuries caused to the plaintiff, the plaintiff was forced to and did incur medical bills and indebtedness for the services of duly-licensed physicians, surgeons and mental health professionals, and for medicines, radiological filming, and hospitalization in a sum as yet unascertainable.  The plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

21.     By reason of the facts hereinabove stated and the injuries caused to the plaintiff, the plaintiff will incur further bills and indebtedness for medical attention.

22.     By reason of the facts hereinbefore stated and the injuries caused the plaintiff thereby, the plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage, in an amount as yet unascertainable.  The plaintiff further states that his ability to

6

work in labor in the future has been diminished. In this regard, the plaintiff would show that he has suffered a decrease in his past and future wage earning capacity. The plaintiff also states that he will sustain medical expenses in the future. The plaintiff also seeks compensation for his pain, suffering and mental anguish.

WHEREFORE, the plaintiff prays judgment against the defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## SECOND CLAIM FOR RELIEF

49 U.S.C. § 20701

FEDERAL LOCOMOTIVE INSPECTION ACT

23.    The plaintiff incorporates herein paragraphs 1 through 22

24.    49 U.S.C. § 20701 states:

••**Requirement for use**

••A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances--

(1) are in proper condition and safe to operate without unnecessary danger of personal injury;

(2) have been inspected as required under this chapter [49 USC §§ 20701 et seq.] and regulations prescribed by the Secretary of Transportation under this chapter [49 USC §§ 20701 et seq.]; and

(3) can withstand every test prescribed by the Secretary

under this chapter [49 USC§§ 20701 et seq.].

(July 5,1994, P.L. 103-272. §1 (e). 108 Stat. 885.) ••

25.     At the time herein mentioned, the defendant failed to comply with the statutory

non-delegable requirements of 49 U.S.C. § 20701, causing the plaintiff the injuries hereinabove

enumerated.

WHEREFORE, the plaintiff prays judgment against Defendant in an amount sufficient to

compensate him for his general damages, together with such special damages as may hereinafter

be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other

relief this honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
49 (C.F.R. Chapter II (10-1-2002 Edition and prior editions)
FEDERAL RAILROAD ADMINISTRATION, DOT
Part 229. RAILROAD LOCOMOTIVE SAFETY STANDARDS

26.     The plaintiff incorporates herein Paragraphs 1 through 25.

27.     49 C.F.R. Chapter II (10-1-02 Edition and prior editions). FEDERAL

RAILROAD ADMINISTRATION, DOT. Part 229 RAILROAD LOCOMOT1VE SAFETY

STANDARDS prescribes minimum federal safety standards for all locomotives.

Section 229.7 **Prohibited acts**, states:

--(a) The Locomotive Inspection Act (45 U.S.C. 22-34) makes

it unlawful for any carrier to use of permit to he used on its line any

locomotive unless the entire locomotive and it appurtenances ~

(1) Are in proper condition and safe to operate in the service to

which they are put, without unnecessary peril to life or limb; and

(2) Have been inspected and tested as required by this part,"

8

Section 229.45 **General condition**, states:

--All systems and components on a locomotive shall be free of

conditions that endanger the safety of the crew...

These condition include: insecure attachment of components... that

create a personal injury hazard; improper functioning of components ..."

Section 229.119 **Cabs, floors, and passageways**, states:

"(a) Cab seats shall be securely mounted and braced."

28.    At the time herein mentioned, the defendant failed to comply with the statutory

non-delegable requirements of 49 C.F.R. Chapter II (10-1-02 Edition).  FEDERAL RAILROAD

ADMINISTRATION. DOT. §229 – RAILROAD LOCOMOTIVE SAFETY STANDARDS,

which caused or contributed to the plaintiff's injuries hereinabove enumerated.

WHEREFORE, the plaintiff prays judgment against Defendant in an amount sufficient to

compensate him for his general damages, together with such special damages as may hereinafter

be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other

relief this honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
49 C.F.R. Chapter II (10-1-2002 Edition)
FEDERAL RAILROAD ADMINISTRATION, DOT
Part 213, TRACK SAFETY STANDARDS

29.    The plaintiff incorporates herein paragraphs 1 through 28.

30.    49 C.F.R. Chapter II, FEDERAL RAILROAD ADMINISTRATION, DOT. Part

213 TRACK SAFETY STANDARDS, prescribes minimum federal safety requirements for

railroad track that is part of the general railroad system of transportation.

Section 213.1 Scope of part, states:

Telephone:   (501)758-0278
Facsimile:   (501)758-0480

*ATTORNEYS FOR ALFRED L. BROWN, SR.*

Plaintiff's address:
85 Ross Dr.
Lonoke, AR  72086

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

FEB 0 6 2012

JAMES W. McCORMACK, CLERK
By:_____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

ALFRED L. BROWN, SR.                                                    **PLAINTIFF**

vs.                              Case No. _5:12-CV-0055 JLH_

UNION PACIFIC RAILROAD
COMPANY,                                                                **DEFENDANT**

Serve Union Pacific Railroad Company
Via its registered agent for service of process:
THE CORPORATION COMPANY
124 WEST CAPITOL AVENUE          This case assigned to District Judge___*Holmes*___
SUITE 1900                      and to Magistrate Judge_____*Deere*_____
LITTLE ROCK, AR 72201

## ORIGINAL COMPLAINT AND REQUEST FOR JURY TRIAL

Comes now the plaintiff, Alfred L. Brown, Sr., by and through his attorneys of record,

the Lauck Law Firm P.A. and the Law Offices of H. Chris Christy, P.A., and for his complaint

against the defendant, Union Pacific Railroad Company, hereby alleges, avers and states the

following:

## FIRST CLAIM FOR RELIEF
### 45 U.S.C. §§51 – 60
### FEDERAL EMPLOYERS' LIABILITY ACT

1.      This is an action arising under the provisions of the Federal Employers' Liability

Act ("FELA"), 45 U.S.C.A. §§ 51 et seq., to recover damages for personal injuries sustained by

the plaintiff while performing his job duties for the defendant in the City of Pine Bluff, Jefferson

County, Arkansas, as well as, job duties in other locations for the defendant.

2.      Plaintiff, Alfred L. Brown, Sr., is now, and at all times mentioned in this

complaint was, a resident of the City of Lonoke, Lonoke County, Arkansas.

3.     Defendant, Union Pacific Railroad Company (hereinafter referred to as "UPRR"), is now, and at all times mentioned in this complaint was, a Deleware corporation engaged in the business and operation of the freight transportation and as a common carrier by railroad in Arkansas and other states with its principle offices in Omaha, Nebraska.

4.     Jurisdiction and venue are vested in this honorable court by virtue of the FELA, 45 U.S.C. §56.

5.     Plaintiff, Alfred L. Brown, began his employment with the defendant, from 1978 until approximately 1987. He returned to work for the defendant in 1996 and is still employed by the defendant to this date.

6.     The plaintiff began working for the defendant as a Switchman, then became a Conductor, and then became a Locomotive Engineer.

7.     In 2010, the plaintiff began to experience symptoms of permanent back pain that lead him to discover underlying injuries that developed over time until they culminated into severe and permanent pain and injury.

8.     As a result, in whole or in part, of unsafe working conditions, the plaintiff suffered injuries to his back and spine, all of which are or may be of a permanent nature.

9.     At all relevant times, the defendant was a common carrier of freight for hire by rail, and was engaged in interstate commerce.

10.     At all relevant times, the plaintiff and the defendant were engaged in interstate commerce or in activities that substantially affected and were in furtherance of interstate commerce. The plaintiff's injuries arose in the course of Plaintiff's employment with defendant.

11.     During the plaintiff's employment with the defendant, the plaintiff performed his duties pursuant to the instructions of his supervisor and with the locomotives, equipment, tools and machinery that he was provided by the defendant.

12.     The defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work, in among other things:

(a)     the duty to provide the plaintiff with reasonably safe and suitable equipment, tools and machinery with which to perform his duties;

(b)     the duty to inspect, maintain and repair its equipment, tools and machinery with which its employees, including the plaintiff, were required to work;

(c)     the duty to provide reasonably safe methods and procedures for the performance of duties to which its employees, including the plaintiff, were assigned;

(d)     the duty to provide its employees with seats in the locomotives that provide adequate support, adequate ergonomic positioning and protections against the effect of vibration, lateral motion, and shock;

(e)     the duty to inspect, maintain, repair and/or replace the locomotives and the seats on the locomotives on which the plaintiff was required to work;

(f)     the duty to provide seats that are securely mounted in the locomotive;

(g)     the duty to investigate the risks attendant to an employee working in a seated posture when the body is subjected to whole-body vibration, shock and repetitive twisting and turning of the head and neck;

3

(h)      the duty to educate, train, and warn its employees, including the plaintiff, of the risks attendant to working in a seated position when the body is subject to whole-body vibration, shock and repetitive twisting and turning of the head and neck;

(i)      the duty to comply with the defendant's engineering standards regarding construction, inspection, maintenance, and repair of its track and roadbed;

(j)      the duty to comply with 49 U.S.C. §20701;

(k)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §213;

(l)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.119;

(m)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.7(a)(1)(2);

(n)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.21

(o)      the duty to comply with 49 C.F.R. Chapter II, FRA, DOT §229.45; and

(p)      the duty to investigate and implement an ergonomics program, job safety analysis, and/or medical monitoring program, all to the end of identifying ergonomic risk factors in the workplace, eliminating the ergonomic risk factors, and training its employees, including the plaintiff, to recognize ergonomic risk factors and guard against them.

13.      The defendant, through its agents, servants and employees other than the plaintiff, negligently failed to perform the above-said duties, as a result of which the plaintiff was caused, in whole or in part, to suffer injuries to his back and spine, pain, mental anguish/injury.

14.      The plaintiff's injuries have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating, and have and will in the future cause the plaintiff mental and physical pain and suffering.

15.      The plaintiff's injuries hereinabove enumerated have impaired the plaintiff's ability to enjoy life, and will impair in the future the plaintiff's ability to enjoy life.

4

16.     The plaintiff's unsafe working conditions and resulting injuries and damages were
caused in whole or in part by the negligence of the defendant through its agents, assigns and
employees acting within the scope of their employment and authority.

17.     The injuries sustained by the plaintiff were also caused, in whole or in part, by the
negligence of the defendant in one or more of the following particulars:

(a)     the defendant failed to furnish the plaintiff with a reasonably safe place in which
to work;

(b)     the defendant failed to furnish the plaintiff with reasonably safe equipment with
which to perform his assigned duties;

(c)     the defendant failed to furnish plaintiff with reasonably necessary and proper
equipment with which to perform his assigned duties;

(d)     the defendant failed to furnish the plaintiff with reasonably necessary and proper
personal protective equipment;

(e)     the defendant failed to furnish the plaintiff with necessary and proper supervision
in the performance of his assigned duties;

(f)     the defendant failed to warn the plaintiff of reasonably foreseeable hazardous
conditions existing with the defendant's equipment;

(g)     the defendant allowed unsafe practices to become the standard practice;

(h)     the defendant assigned the plaintiff work which the defendant knew or, in the
exercise of reasonable care, should have known would result in injury to the
plaintiff;

(i)     the defendant assigned the plaintiff duties which the defendant knew or should
have known were beyond his physical capacity or would aggravate prior injuries
or would otherwise cause injury to the plaintiff; and

(j)     the defendant's supervisor ignored the safety concerns voiced by the plaintiff and
failed to recognize safety hazards that he knew or should have known would
result in injury to the plaintiff if he directed him to perform the job in the manner .
that he did.

(k)     the defendant's required the plaintiff to throw switches in the Pine Bluff railyard,
and others, that it knew or should have known were improperly maintained,
improperly inspected, hard to throw, unsafe, susceptible to recoil when being

5

thrown and/or were old, antiquated ground (a.k.a "ball and hammer") switches that required the plaintiff to assume ergonomically unsafe positions below the knees in order to align switches. in contradiction;

(l)     the defendant failed to comply with 45 C.F.R. §§213.135, 213.233, 213.235, and 213.241.

18.     As a result of the injuries sustained by the plaintiff, he has been caused to undergo medical treatment to the aforementioned parts of his body.

19.     Plaintiff further states that prior to the culmination of these injuries, he was an able-bodied man, capable of performing heavy, strenuous manual labor and had been doing so while working for the defendant.  In the event the plaintiff did have any infirmities to the aforementioned parts of his body of which he was not aware, the plaintiff claims that said condition was aggravated, activated and accelerated by the trauma to which the plaintiff was exposed on the defendant's property.

20.     By reason of the facts stated in this complaint and the injuries caused to the plaintiff, the plaintiff was forced to and did incur medical bills and indebtedness for the services of duly-licensed physicians, surgeons and mental health professionals, and for medicines, radiological filming, and hospitalization in a sum as yet unascertainable.  The plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

21.     By reason of the facts hereinabove stated and the injuries caused to the plaintiff, the plaintiff will incur further bills and indebtedness for medical attention.

22.     By reason of the facts hereinbefore stated and the injuries caused the plaintiff thereby, the plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity, and loss of fringe benefits, all to his damage, in an amount as yet unascertainable.  The plaintiff further states that his ability to

6

work in labor in the future has been diminished. In this regard, the plaintiff would show that he has suffered a decrease in his past and future wage earning capacity. The plaintiff also states that he will sustain medical expenses in the future. The plaintiff also seeks compensation for his pain, suffering and mental anguish.

WHEREFORE, the plaintiff prays judgment against the defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## **SECOND CLAIM FOR RELIEF**

### 49 U.S.C. § 20701

### FEDERAL LOCOMOTIVE INSPECTION ACT

23.     The plaintiff incorporates herein paragraphs 1 through 22

24.     49 U.S.C. § 20701 states:

••**Requirement for use**

••A railroad carrier may use or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender and its parts and appurtenances--

(1) are in proper condition and safe to operate without unnecessary danger of personal injury;

(2) have been inspected as required under this chapter [49 USC §§ 20701 et seq.] and regulations prescribed by the Secretary of Transportation under this chapter [49 USC §§ 20701 et seq.]; and

7

(3) can withstand every test prescribed by the Secretary

under this chapter [49 USC§§ 20701 et seq.].

(July 5,1994, P.L. 103-272. §1 (e). 108 Stat. 885.) ••

25.     At the time herein mentioned, the defendant failed to comply with the statutory

non-delegable requirements of 49 U.S.C. § 20701, causing the plaintiff the injuries hereinabove

enumerated.

WHEREFORE, the plaintiff prays judgment against Defendant in an amount sufficient to

compensate him for his general damages, together with such special damages as may hereinafter

be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other

relief this honorable Court deems just and proper.

### THIRD CLAIM FOR RELIEF
49 (C.F.R. Chapter II (10-1-2002 Edition and prior editions)
FEDERAL RAILROAD ADMINISTRATION, DOT
Part 229. RAILROAD LOCOMOTIVE SAFETY STANDARDS

26.     The plaintiff incorporates herein Paragraphs 1 through 25.

27.     49 C.F.R. Chapter II (10-1-02 Edition and prior editions). FEDERAL

RAILROAD ADMINISTRATION, DOT. Part 229 RAILROAD LOCOMOTIVE SAFETY

STANDARDS prescribes minimum federal safety standards for all locomotives.

Section 229.7 **Prohibited acts**, states:

--(a) The Locomotive Inspection Act (45 U.S.C. 22-34) makes

it unlawful for any carrier to use of permit to he used on its line any

locomotive unless the entire locomotive and it appurtenances ~

(1) Are in proper condition and safe to operate in the service to

which they are put, without unnecessary peril to life or limb; and

(2) Have been inspected and tested as required by this part,"

8

Section 229.45 **General condition**, states:

--All systems and components on a locomotive shall be free of

conditions that endanger the safety of the crew...

These condition include: insecure attachment of components... that

create a personal injury hazard; improper functioning of components ..."

Section 229.119 **Cabs, floors, and passageways**, states:

"(a) Cab scats shall be securely mounted and braced."

28.    At the time herein mentioned, the defendant failed to comply with the statutory

non-delegable requirements of 49 C.F.R. Chapter II (10-1-02 Edition).  FEDERAL RAILROAD

ADMINISTRATION. DOT. §229 – RAILROAD LOCOMOTIVE SAFETY STANDARDS,

which caused or contributed to the plaintiff's injuries hereinabove enumerated.

WHEREFORE, the plaintiff prays judgment against Defendant in an amount sufficient to

compensate him for his general damages, together with such special damages as may hereinafter

be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other

relief this honorable Court deems just and proper.

### FOURTH CLAIM FOR RELIEF
49 C.F.R. Chapter II (10-1-2002 Edition)
FEDERAL RAILROAD ADMINISTRATION, DOT
Part 213, TRACK SAFETY STANDARDS

29.    The plaintiff incorporates herein paragraphs 1 through 28.

30.    49 C.F.R. Chapter II, FEDERAL RAILROAD ADMINISTRATION, DOT. Part

213 TRACK SAFETY STANDARDS, prescribes minimum federal safety requirements for

railroad track that is part of the general railroad system of transportation.

Section 213.1 Scope of part, states:

9

"(a)    This part prescribes minimum safety requirements for railroad track that is part of the general railroad system of transportation.  The requirements prescribed in this part apply to specific track conditions existing in isolation.  Therefore, a combination of track conditions, none of which individually amounts to a deviation from the requirements in this part, may require remedial action to provide for safe operations over that track."

31.    At all times herein mentioned, Defendant failed to comply with the statutory non-delegable requirements of 49 C.F.R. Chapter II (10-1-02 Edition), FEDERAL RAILROAD ADMINISTRATION, DOT, §213 TRACK SAFETY STANDARDS, which caused or contributed to Plaintiff's injuries hereinabove enumerated.

WHEREFORE, Plaintiff prays judgment against the defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## REQUEST FOR JURY TRIAL

PLAINTFF DEMANDS A JURY TRIAL ON ALL ISSUES RAISED HEREIN.

LAUCK LAW FIRM P.A.

Chester H. Lauck, III (99107)
P.O. Box 251355
Little Rock, AR  72225
Telephone:    (501)747-2684
Facsimile:     (501)747-1256
E-mail:        chetlauck.laucklaw@gmail.com

and

H. Chris Christy
LAW OFFICE OF H. CHRIS CHRISTY P.A.
801 Louisiana St.
Little Rock, Arkansas 72201

10

Telephone:   (501)758-0278
Facsimile:   (501)758-0480

*ATTORNEYS FOR ALFRED L. BROWN, SR.*

Plaintiff's address:
85 Ross Dr.
Lonoke, AR  72086